CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 25 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>)<br>) Case No. 7:08CR00048<br>) (Case No. 7:11CV80304)<br>) |
| v. | )<br>) **MEMORANDUM OPINION**<br>) |
| SHAHEER EMANUEL SAUNDERS,<br>Defendant. | ) By: Glen E. Conrad<br>) Chief United States District Judge<br>) |

The defendant, a federal inmate, brings this motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C.A. § 2255. Upon review of the record, the court finds that the motion is without merit and will accordingly deny relief.

## Background

Shaheer Emanuel Saunders pleaded guilty on May 11, 2009, pursuant to a written plea agreement, to Count One of a criminal indictment, which charged him with conspiracy to distribute more than 50 grams of cocaine base, in violation of 21 U.S.C. § 841(b)(1)(A). The sentencing guidelines in Saunders' case called for a sentencing range of 324 to 405 months. The court granted the government's motion for a sentence reduction based on Saunders' substantial assistance to law enforcement. The court departed downward and, on October 30, 2009, sentenced Saunders to 240 months imprisonment. The United States Court of Appeals for the Fourth Circuit affirmed the conviction and sentence, issuing its mandate on February 20, 2010.

Saunders has now filed this § 2255 motion, seeking resentencing under the Fair Sentencing Act (FSA) of 2010, which was enacted on August 3, 2010, after his conviction became final. Saunders argues that the FSA itself proves that the statutory punishment applied in his case was

unconstitutional because it was based on a disparity in punishment between crack and powder cocaine offenses that inherently discriminated on the basis of race.[1]

## Discussion

A criminal defendant's sentence does not become illegal merely because the statute under which he was sentenced is later repealed or amended to reduce the penalty for his offense conduct. On the contrary, Title 1 of the United States Code, Section 109, known as the "general savings statute," provides:

> The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability.

1 U.S.C. § 109. This section leaves in force "the penalties in place at the time the crime was committed, unless the new enactment expressly provides for its own retroactive application." United States v. Carradine, 621 F.3d 575, 580 (6th Cir. 2010). Section 109 applies not only to statutes that are repealed, but also to statutes that are amended. See Korshin v. C.I.R., 91 F.3d 670, 673 n. 5 (4th Cir. 1996) (citing Moorehead v. Hunter, 198 F.2d 52, 53 (10th Cir. 1952).

The FSA increased the amounts of crack cocaine necessary to trigger statutory mandatory minimum sentences under § 841(b). The FSA amendment to § 841, however, did not include any provision making these changes retroactively applicable to individuals sentenced before its enactment in August 2010. See United States v. Glanton, No. 10-4516, 2011 WL 121560, at *2 n.*

---

[1] Saunders also asserts that the alleged discriminatory basis for the 100:1 sentencing disparity between crack cocaine and cocaine powder offenses under the prior version of § 841(b)(1)(A) caused him to receive a higher sentence because of his race. He alleges no facts supporting this assertion, however, and the court finds none. As stated, the court applied prior law in calculating Saunders' sentence, and in no respect was his race considered in determining the appropriate sentence for his offense under that law.

(4th Cir. Jan. 14, 2011) (citing other cases). Therefore, it is clear that the sentence imposed upon Saunders in August 2009 under § 841(b)(1)(A) for trafficking in crack cocaine remains in effect, and the enactment of the FSA does not entitle him to resentencing.

Equally unavailing is Saunders' argument that his current sentence is illegal because passage of the FSA proves that he was sentenced under a racially discriminatory statute.[2] The United States Court of Appeals for the Fourth Circuit has repeatedly rejected equal protection challenges to the § 841 sentencing ratio. See United States v. Perkins, 108 F.3d 512, 518 (4th Cir. 1997) (citing United States v. Burgos, 94 F.3d 849, 876-77 (4th Cir. 1996); United States v. Thomas, 900 F.2d 37, 39-40 (4th Cir. 1990)). As the Court emphasized in Perkins, evidence of a disparate racial impact is insufficient to establish that § 841 violates equal protection principles, because the statute itself is "facially neutral, is not being applied in a discriminatory manner, and there is no evidence that a discriminatory purpose motivated Congress to pass the statute." Id. Furthermore, the Court found that § 841 met rational basis scrutiny, because "Congress could rationally have concluded that distribution of cocaine base is a greater menace to society than distribution of cocaine powder and warranted greater penalties. . . ." Id. at 519 (omitting internal quotations); United States v. Pollino, No. 08-4183, 2009 WL 1164962, *3 (4th Cir. May 1, 2009) (unpublished) (rejecting equal protection challenge based on new findings offered in support of proposed statutory changes) (unpublished). This court is bound by these and other Fourth Circuit rulings rejecting equal protection challenges to § 841 penalties.

---

[2] Saunders has also waived this claim because he failed to raise it on direct appeal. See Bousley v. United States, 523 U.S. 614, 621 (1998).

For the stated reasons, the court finds no merit to Saunders' argument that Congress' enactment of the FSA to change the penalties for future wrongdoers constitutes an admission or conclusive evidence that the original penalties for these offenses were grounded in race discrimination, in violation of equal protection principles.

Conclusion

Based on the foregoing, the court concludes that Saunders is not entitled to relief under § 2255 and will accordingly deny his motion. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying judgment and order to the defendant.

ENTER: This 25th day of January, 2011.

_____
Chief United States District Judge