CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 04 2019

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Criminal Action No. 7:08CR00048 |
| v. | ) |
| | ) **MEMORANDUM OPINION** |
| SHAHEER EMANUEL SAUNDERS, | ) |
| | ) By: Hon. Glen E. Conrad |
| Defendant. | ) Senior United States District Judge |

Defendant Shaheer Emanuel Saunders, through counsel, has filed a motion for reduction of sentence pursuant to the First Step Act of 2018. The motion has been briefed and is ripe for review. For the following reasons, the court will grant the defendant's motion.

On December 4, 2008, a grand jury in the Western District of Virginia returned a second superseding indictment against the defendant. Count One of the indictment charged the defendant with conspiracy to distribute more than fifty grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and 846. The defendant entered a plea of guilty to that count on May 11, 2009. Based on the amount of cocaine base charged in the indictment, the defendant faced a mandatory term of imprisonment of ten years to life under existing law. See 21 U.S.C. § 841(b)(1)(A) (2006).

The defendant appeared for sentencing on August 3, 2009. At the time of sentencing, the defendant was held responsible for more than 4.5 kilograms of cocaine base, which gave rise to a base offense level of 38 under § 2D1.1 of the United States Sentencing Guidelines ("U.S.S.G."). See U.S.S.G. § 2D1.1(c) (2008). With a two-level enhancement for possession of a firearm, a three-level reduction for acceptance of responsibility, and a criminal history category of V, the defendant's guideline range of imprisonment was 324 to 405 months. The court granted a substantial assistance motion made by the government and sentenced the defendant to a term of imprisonment of 240 months. The court also imposed a six-year term of supervised release.

In October of 2011, the defendant was granted a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 750 to the Sentencing Guidelines. The court reduced the defendant's period of incarceration to 194 months, which represented a comparable reduction from the amended guideline range of 262 to 327 months. See U.S.S.G. § 1B1.10(b)(2)(B) (noting that a reduction comparably less than the amended guideline range may be appropriate if the defendant previously received a reduced sentence based on a substantial assistance motion).

In February of 2015, the court notified the parties that the defendant was eligible for a sentence reduction based on Amendment 782 to the Sentencing Guidelines, which reduced the base offense levels for most drug offenses by two levels. The court notified the parties that it proposed to reduce the defendant's period of incarceration from 194 months to 155 months, which represented a comparable reduction from the amended guideline range of 210 to 262 months. The government subsequently advised the court that it had no objection to the proposed reduction. On April 8, 2015, the court reduced the defendant's term of imprisonment to 155 months.

The defendant has now moved for a sentence reduction under the newly-enacted First Step Act of 2018. Section 404 of the First Step Act permits the court to retroactively apply the statutory penalties modified by the Fair Sentencing Act. See First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194 (enacted Dec. 21, 2018); see also 18 U.S.C. § 3582(c)(1)(B) (authorizing courts to modify a sentence of imprisonment "to the extent otherwise expressly permitted by statute"). Section 404 provides that "[a] court that imposed a sentence for a covered offense may, on motion of the defendant, . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed." Pub. L. No. 115-391, § 404(b). The Act defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties of which

were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010." Id. § 404(a).

Upon review of the record, the court concludes that the defendant is eligible for a sentence reduction under the First Step Act. The defendant's offense of conviction is a "covered offense" for purposes of the Act. The offense was committed before August 3, 2010, and the applicable statutory penalties were modified by section 2 of the Fair Sentencing Act, which "reduced the statutory penalties for cocaine base offenses" in order to "alleviate the severe sentencing disparity between crack and powder cocaine." United States v. Peters, 843 F.3d 572, 575 (4th Cir. 2016) (citing Fair Sentencing Act of 2010, § 2, Pub. L. No. 111-220, 124 Stat. 2372, 2373 (codified at 21 U.S.C. § 841(2012))). As relevant in the instant case, section 2 of the Fair Sentencing Act increased the amount of cocaine base required to trigger the statutory penalties set forth in § 841(b)(1)(A) from 50 grams to 280 grams. See Pub. L. No. 111-220, § 2(a)(1), 124 Stat. at 2372; see also 21 U.S.C. § 841(b)(1)(A) (2012). Accordingly, the court is authorized to "impose a reduced sentence as if [section 2] were in effect at the time the covered offense was committed."[1] 115 Pub. L. 391, § 404(b).

When the Fair Sentencing Act is retroactively applied in the defendant's case, the statutory sentencing range for the defendant's offense is 5 to 40 years' imprisonment and at least four years of supervised release, based on the quantity of cocaine base charged in the indictment. See 21 U.S.C. § 841(b)(1)(B) (2012) (setting forth the statutory penalties applicable to offenses

---

[1] As the government recognizes in its response, this court has rejected the government's argument that eligibility for relief under the First Step Act depends upon the quantity of cocaine base for which a defendant was found responsible at sentencing. Consistent with other judges in the Western District of Virginia and elsewhere, the court has previously ruled that the Supreme Court's holdings in Apprendi v. New Jersey, 530 U.S. 466 (2000) and Alleyne v. United States, 570 U.S. 99 (2013) are applicable in the context of the First Step Act, and that the court must only consider the quantity of drugs for which a defendant was indicted and convicted in determining whether the defendant is eligible for relief under the Act.

3

involving 28 grams or more of a mixture or substance containing cocaine base). The guideline range of imprisonment is still 210 to 262 months. The court has been advised that the defendant has already served more than 129 months in prison. His projected release date is June 2, 2020.

Upon review of the record, the court concludes that a sentence reduction is warranted in the defendant's case. Although the advisory guideline range of imprisonment has not changed since 2015, "nothing in the First Step Act conditions eligibility for a reduced sentence on a lowered guideline range." United States v. Shelton, No. 3:07-cv-00329, 2019 U.S. Dist. LEXIS 63905, at *4 (D.S.C. Apr. 15, 2019). Instead, "[t]he Act provides authority to impose a reduced sentence when application of the Fair Sentencing Act results in a lower statutory range," as it does in the defendant's case. Id. After considering the parties' arguments, the defendant's institutional record,[2] and the sentencing factors set forth in 18 U.S.C. § 3553(a), the court will impose a reduced term of imprisonment of 149 months, but not less than time served. All other terms of the original sentence, including the six-year term of supervised release, will remain the same. Although the court is authorized to reduce the period of supervision, the court remains convinced that a six-year term is appropriate under the facts and circumstances of this case.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the defendant, all counsel of record, the United States Probation Office, and the United States Marshals Service, for delivery to the Bureau of Prisons.

DATED: This 4th day of September, 2019.

_____
Senior United States District Judge

---

[2] Contrary to the defendant's assertions, the defendant's disciplinary record is not spotless and includes infractions within the past year.